Esther Landau, Administratrix, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

## Gen. No. 17,983.

RAILROADS, § 584*—*what evidence shows contributory negligence.* Evidence *held* not to show that a person killed by a railroad train exercised reasonable care for his own safety.   ·

Appeal from the Circuit Court of Cook county;   the Hon. H. STERLING POMEROY, Judge, presiding.   Heard in this court at the October term, 1911.   Reversed and remanded.   Opinion filed October 13, 1913.   Rehearing denied October 27, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

J. A. CONNELL and CHESTER M. DAWES, for appellant.

DELOS P. PHELPS and KAPLAN & KAPLAN, for appellee; ELIJAH N. ZOLINE, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for four thousand dollars recovered by the administratrix of Kalman Landau in an action for wrongfully causing his death. The decedent was killed by a train of the defendant at Monmouth, Ill. There were at Monmouth two east and west tracks with a station and platform north of the north track and a platform south of the south track. An eastbound passenger train three or four hours late came in on the south, the east bound track, and stopped at the usual place with the engine and part of the car next to it east of the platform. The agent, who was also the telegraph operator, was notified by telegraph of the approach of this train and four or five minutes before its arrival notified the persons then at the station of the approach of the train and directed them to cross the tracks to the south side. After the notice of the approach of the train was given the baggageman took his truck from the baggage room across the tracks to the south platform. After the train stopped, decedent was found lying on the south platform so injured that he died in a few hours and was unconscious from the time of his injury until his death. The accident occurred in the midst of a driving snow storm from the northwest. The decedent was last noticed in the baggage room north of the tracks. No witness saw him cross the tracks, but it is clear that he had ample time to safely cross the tracks after the notice of the coming train was given and before its arrival, for the baggage man took his truck across after the notice was given and

stood on the south platform a minute or two before the train arrived.

We think the evidence fails to show that the decedent exercised reasonable care for his own safety and that therefore the court erred in denying defendant's motion for a new trial. This conclusion renders it unnecessary to consider the question whether from the evidence the jury might properly find that the defendant was guilty of negligence, and on that question we do not express any opinion.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*